IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALFRED MAYFIELD, ) | |
| ) | 4:05cv3068 |
| Petitioner, ) | |
| ) | ORDER on INITIAL REVIEW |
| vs. ) | (HABEAS CORPUS) |
| ) | |
| STATE OF NEBRASKA and ) | |
| STATE OF IOWA, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Alfred Mayfield.  28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States."  Id. § 2254(a).

Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.  In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

This case has been assigned to District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review.  Rule 10 of the *2254 Rules,* as amended*,* states:  "A magistrate judge may perform the duties of a district judge under these rules, as authorized under 28 U.S.C. § 636."

The petitioner states that an Iowa court convicted him of being a felon in possession of a firearm, under Iowa law, and sentenced him to two years of probation. Recently, officials of Knox County, Nebraska arrested the petitioner on a charge of violating probation.  Presently, the petitioner is in custody in Knox County, unable to pay for an appearance bond.  The petitioner denies that he has committed any violation of *Iowa* or federal law.

Having conducted initial review of the § 2254 petition, I will require the Nebraska respondent to answer or otherwise respond to the § 2254 petition and, in particular, to address whether the petitioner should have filed this action in an Iowa federal court. Rule 2(a) of the *§ 2254 Rules* states: "Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." However, the § 2254 petition does not suggest that a judgment of conviction has been rendered by any Nebraska court, thus indicating that the petitioner's challenge, if any, to the proceedings in Knox County must be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.

In fact, the petitioner contests an Iowa conviction, rather than the Knox County proceedings, and he may not join a collateral attack on an Iowa conviction with his challenge, if any, to the proceedings in Knox County, Nebraska. See Rule 2(e) of the *§ 2254 Rules*: "Separate Petitions for Judgments of Separate Courts. A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." At any rate, I conclude that the parties should be heard on the issue of the appropriate jurisdiction(s) for the petitioner's claims.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail; the Nebraska Attorney General, in his discretion, may contact the Iowa Attorney General, if he deems appropriate, or he may request that this court do so;

2. That, by May 20, 2005, the Nebraska respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

3. That if the Nebraska Attorney General wishes to limit his response solely to the jurisdictional issue at this preliminary stage, he may do so;

4. That, whether the Nebraska respondent files an answer, a motion for summary judgment, or an analysis of the jurisdictional issue, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records, identifying the records which are relevant to the respondent's answer, motion, or jurisdictional analysis;

5. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

6. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

7. That, whether the respondent files an answer, a motion for summary judgment, or an analysis of the jurisdictional issue, the petitioner shall reply within 15 days thereafter.

DATED this 21st day of April, 2005.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge