IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ALFRED MAYFIELD, | ) | |
| | ) | 4:05cv3068 |
| Petitioner, | ) | |
| | ) | MEMORANDUM AND ORDER |
| vs. | ) | |
| | ) | |
| STATE OF NEBRASKA and | ) | |
| STATE OF IOWA, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court in light of the petitioner's failure to respond to the court's Order on Initial Review (filing no. 4). In filing no. 4, Magistrate Judge F. A. Gossett questioned whether the petitioner, Alfred Mayfield, had filed his Petition for Writ of Habeas Corpus ("§ 2254 petition") in the wrong court. Magistrate Judge Gossett noted:

> The petitioner states that an Iowa court convicted him of being a felon in possession of a firearm, under Iowa law, and sentenced him to two years of probation. Recently, officials of Knox County, Nebraska arrested the petitioner on a charge of violating probation. Presently, the petitioner is in custody in Knox County, unable to pay for an appearance bond. The petitioner denies that he has committed any violation of *Iowa* or federal law.
>
> ...I will require the Nebraska respondent to answer or otherwise respond to the § 2254 petition and, in particular, to address whether the petitioner should have filed this action in an Iowa federal court. Rule 2(a) of the *§ 2254 Rules* states: "Current Custody; Naming the Respondent. If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." However, the § 2254 petition does not suggest that a judgment of conviction has been rendered by any Nebraska court, thus indicating that the petitioner's challenge, if any, to the proceedings in Knox County must be brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.
>
> In fact, the petitioner contests an Iowa conviction, rather than the Knox County proceedings, and he may not join a collateral attack on an Iowa conviction with his challenge, if any, to the proceedings in Knox County, Nebraska. See Rule 2(e) of the *§ 2254 Rules*: "Separate Petitions for Judgments of Separate Courts. A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the

judgment or judgments of each court." At any rate, I conclude that the parties should be heard on the issue of the appropriate jurisdiction(s) for the petitioner's claims.

Magistrate Judge Gossett then ordered the Nebraska Attorney General to answer or otherwise respond to the § 2254 petition by May 20, 2005. He also directed the petitioner to reply within 15 days thereafter. In filing no. 6, the Nebraska Attorney General has responded that the petitioner is not in the custody of the State of Nebraska or otherwise known to state officials. The petitioner has not replied as ordered. Therefore, it appears that Iowa, rather than Nebraska, must be the forum intended by the petitioner.

THEREFORE, IT IS ORDERED:

1. That the Petition for Writ of Habeas Corpus filed by Alfred Mayfield is dismissed without prejudice; and

2. That a separate judgment will be entered accordingly.

DATED this 26th day of August, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge